# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.W.-1, J.W.-2, and K.W.**

**No. 24-97** (Upshur County CC-49-2023-JA-42, CC-49-2023-JA-43, and CC-49-2023-JA-44)

## MEMORANDUM DECISION

Petitioner Father C.W.[1] appeals the Circuit Court of Upshur County's February 2, 2024, order terminating his parental rights to J.W.-1, J.W.-2, and K.W., arguing that the circuit court erred by terminating his post-adjudicatory improvement period and by terminating his parental rights instead of considering less restrictive alternatives.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

After initiating earlier proceedings based upon allegations against the children's mother, the DHS filed an amended petition in May 2023 alleging that the petitioner abused and neglected the children by failing to protect them from their mother's drug use and exposing them to domestic violence between himself and their mother. Following a preliminary hearing, the court ordered the petitioner to undergo a psychological evaluation and prohibited him from using any substance that may affect his physical or mental state. The DHS filed a second amended petition in June 2023, alleging that the petitioner not only exposed the children to domestic violence, but also involved the children in domestic violence against their mother. The DHS filed a third amended petition on July 10, 2023, adding a final allegation that the petitioner and the mother used methamphetamine while the children were in their care, which adversely affected their ability to parent. The court

---

[1] The petitioner appears by counsel Brian W. Bailey. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Melissa T. Roman appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For the purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because two children involved in the case share the same initials, we refer to them as J.W.-1 and J.W.-2.

held an adjudicatory hearing on the third amended petition and, by order entered on July 25, 2023, adjudicated the petitioner of abusing and neglecting the children. In its order, the court noted that the petitioner, while admitting to domestic violence, attempted to frame it as protecting the children from their mother. The court also noted that the petitioner delayed in presenting for drug testing, which was ultimately positive for methamphetamine and marijuana use. Finally, the court noted that it reviewed videos depicting domestic violence between the petitioner and the children's mother.

Following a hearing on August 3, 2023, the circuit court entered an order granting the petitioner's motion for a post-adjudicatory improvement period. The terms of the improvement period required the petitioner to engage in supervised visitation with the children, participate in random drug and alcohol screenings, demonstrate that he would protect the children from exposure to domestic violence and illegal substances, and cooperate and participate in parenting and life skills classes.

Following a multidisciplinary team ("MDT") meeting in September 2023, the guardian filed a motion to terminate the petitioner's improvement period, due to the petitioner's conduct at the meeting, including denying any responsibility for the abuse and neglect of his children and leaving the meeting after yelling at the other participants. The DHS joined in the guardian's motion. A hearing on the motion was held in November 2023, where the petitioner again denied any wrongdoing, claimed that the DHS forced the children's mother to testify against him; blamed the DHS for causing any mental trauma to the children, and indicated that he should not be required to complete an improvement period as he "did nothing wrong." A provider testified that she rendered services to the petitioner and was concerned by the petitioner's attempt to justify his actions. A Child Protective Services ("CPS") worker confirmed that the guardian's motion accurately reflected the petitioner's conduct at the MDT meeting and doubted that the petitioner would follow through with the children's mental health treatment because he did not believe that they needed therapy. Following this hearing, the court terminated the petitioner's improvement period due to his lack of accountability and failure to acknowledge his abuse and neglect of the children. The court was not satisfied that the petitioner was making the necessary progress, because the evidence showed that his participation was "merely an act."

At a dispositional hearing in January 2024, the court heard testimony from both a CPS worker and the petitioner establishing the petitioner's continued denial of any wrongdoing. The petitioner testified that he had recently started participating in the Batterer Intervention and Prevention Program ("BIPP"). In the order memorializing the hearing, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future due to the petitioner's continued denial of wrongdoing and that termination of the petitioner's parental rights was in the children's best interest. Based on these findings, the court terminated the petitioner's parental rights to the children.[3] It is from this dispositional order that the petitioner appeals.

---

[3] The permanency plan for the children is to remain with the mother, who regained custody after she successfully completed an improvement period.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred in terminating his improvement period. He contends that the evidence presented to the circuit court showed that he was complying with the terms of the improvement period. West Virginia Code § 49-4-610(7) governs termination of improvement periods and permits a circuit court, upon a motion by any party, to take such action "when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "it is within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W. Va. 580, 433 S.E.2d 518 (1993). Contrary to the petitioner's argument, the record supports the circuit court's decision to terminate the improvement period. The petitioner's conduct at the September 2023 MDT meeting, continued denial of any wrongdoing, and attempts to justify his actions clearly violated the improvement period's term requiring him to demonstrate the ability to protect the children from domestic violence and substance abuse. As such, we conclude that the circuit court did not abuse its discretion in terminating the petitioner's improvement period.

The petitioner also argues that the circuit court erred in terminating his parental rights instead of considering less restrictive alternatives. In support of his argument, the petitioner refers to his compliance with some terms of the improvement period and his participation in BIPP services. However, he ignores the fact that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [W. Va. Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the children. Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). There is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help," including where "[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." W. Va. Code § 49-4-604(d)(3). We have also explained that "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, the petitioner denied that he abused or neglected the children throughout the proceedings, including at the final dispositional hearing. As such, we conclude that the circuit court did not err in terminating the petitioner's parental rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2024, order is hereby affirmed.

Affirmed.

3

**ISSUED**: June 26, 2025


**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV